UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK LEFROCK, M.D.,

Plaintiff,

v.                                         Case No. 8:13-cv-02196-EAK-TBM

WALGREENS CO.,

Defendant.
_____/

## *ORDER*

THIS CAUSE is before the Court on Defendant's, Walgreens Corporation ("Walgreens"), motion for summary judgment (Doc. 41) and Plaintiff's, Jack Lefrock ("Lefrock"), response to Defendant's motion for summary judgment. (Doc. 48). Lefrock failed to timely responded to Walgreen's motion and Walgreens has filed a motion to strike Plaintiff's response. (Doc. 49).

## *BACKGROUND*

On February 11, 2013, Lefrock filed a single-count complaint seeking monetary damages against Walgreens in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County. The case was removed to this Court on August 26, 2013. (Doc. 1). Lefrock filed this Complaint for claims (slander per se) that various Walgreens employees defamed him by making false statements pertaining to his medical reputation and ethics. The essence of Lefrock's complaint is that certain employees of Walgreens "conveyed defamatory statements" to other individuals regarding Lefrock's qualifications as a medical doctor.

## *MOTION TO STRIKE*

As a preliminary matter, this Court must first decide Walgreen's Motion to Strike Lefrock's untimely response to Walgreen's Motion for Summary Judgment. (Doc. 49). Walgreens filed its Motion for Summary Judgment on November 3, 2014. (Doc. 41). Lefrock's

deadline for responding to the motion under this Court's Local Rule 3.01(b) was on or before November 23, 2014. On December 4, 2014, since Plaintiff had not yet filed a response, the Court issued an Order to Show Cause allowing Plaintiff until December 11, 2014, to show cause why the Court should not summarily grant Walgreens' motion. But even with this liberal grant of additional time, Lefrock still failed to meet this deadline and filed an incomplete response a day after the deadline on December 12, 2014.

It is well within this Court's discretion to strike Lefrock's untimely response and grant summary judgment to Walgreens based on the pleadings timely filed. However, it is the general policy of this Court to determine cases on the merits instead of through default judgments or other procedural shortcuts. As the Eleventh Circuit recently stated, "the non-moving party should get the opportunity to have [its] case considered on the merits before final judgment against [it] is entered." *Perez v. Wells Fargo N.A.*, 13-13853 (11th Cir. 2014). Plaintiff should be on notice that this Court disfavors such disregard for timelines, and while this Court strongly encourages the parties to take notice of the deadlines, Walgreen's Motion to Strike is **DENIED** and this case will be decided on the merits.

### *LEGAL STANDARD*

Summary judgment is appropriate if the pleadings, discovery, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## *ANALYSIS*

Because this matter is before this Court on the basis of diversity under 28 U.S.C. § 1332, Florida substantive law applies to this action. *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986).

### A. Legal Standard for Defamation Claims

In order to establish a claim for slander under Florida law, the plaintiff must establish four elements: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 803-04 (Fla. 1st DCA 1997). Walgreens correctly points out that "[s]pecific information must be provided to support these elements such as the identify of the speaker, the identity of the persons spoken to, the substance of the statements, and a time frame when the statements were made." *Woodhull v. Mascarella*, 2009 WL 1790383, at *3 (N.D. Fla. 2009).

Additionally, "malice is an essential element of slander." *Lundquist v. Alewine*, 397 So. 2d 1148, 1149 (Fla. 5th DCA 1981). This Court has previously held that "[f]alse statements which suggest that someone has committed a dishonest or illegal act are defamatory per se" and are, therefore, clothed in a presumption of malice. *Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539, 1541-42 (M.D. Fla. 1993). However, that presumption "ceases to exist where the Defendant has a qualified privilege to make the statements." *Id.*

### B. The Statements at Issue are Protected by Privilege

In order for a statement to be privileged it must be " 1) made in good faith; 2) with an interest to be upheld; 3) published on a proper occasion; and 4) published in a proper manner."

*Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591 (1906); *Leonard v. Wilson*, 150 Fla. 503, 8 So.2d 12 (1942). Since there is no dispute as to the factual circumstances surrounding the publication, the questions of whether privilege applies is a legal question. *Nodar v. Galbreath*, 462 So.2d 803, 810 (Fla. 1984).

Here, the statements at issue were made by a Walgreens' pharmacist to pharmacy customers at the time the customers attempted to fill prescriptions, and the apparent purpose of the statements was to inform the customers about the physician who wrote the prescription.

The Walgreens pharmacists acted in good faith and were upholding a legitimate interest since the statements were made while the pharmacists were filling prescriptions and giving general advice as they have a duty to do. This Court has previously held that pharmacists have a duty to provide competent advice to customers and this duty is not satisfied by "a robotic compliance with the instructions of the prescribing physician." *Arrington v. Walgreen Co.*, 664 F. Supp. 2d 1230, 1232 (M.D. Fla. 2009). Since the pharmacist has a duty beyond merely following the doctor's instructions robotically, Walgreens' pharmacists exercised their due diligence by informing the customers, as necessary, of any relevant information regarding the prescribing physician, Dr. Lefrock.

The pharmacists made the statements in the proper location and manner since they rendered the advice to the customers while the customers were seeking advice regarding treatments and seeking to fill prescriptions. Also, the statements were made in the proper manner since the statements were limited in scope to the specific prescriptions being filled and were not mere generalizations.

Since the statements made by Walgreens' pharmacists are privileged, Lefrock's claims cannot survive summary judgment unless he can rebut the good faith presumption by producing

admissible evidence of express malice. *Shaw*, 818 F. Supp. at 1543. However, Lefrock has not produced any evidence of express malice.

## *CONCLUSION*

The Walgreen's pharmacists statements were protected by privilege and Plaintiff cannot overcome this qualified privilege because he has no evidence whatsoever that the statements were made with express malice. Because Lefrock cannot overcome the presumption, Lefrock's complaint cannot survive summary judgment. Accordingly, it is

**ORDERED** that Walgreen's Motion to Strike Plaintiff's Motion (Doc. 49) is **DENIED**, and Walgreen's Motion for Summary Judgment (Doc. 44) is **GRANTED**. The Clerk of Court is directed to enter judgment for the Defendant and against the Plaintiff and to close this case.

**ORDERED** in Chambers at Tampa, Florida on this 15th day of January, 2015

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.